**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1760
_____

MAO CHENG LIN;
WEN QING JIANG,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A70-898-926 & 075-817-419)
Immigration Judge: Honorable Craig DeBernardis

_____

Submitted Under Third Circuit LAR 34.1(a)
October 8, 2010
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Filed:  October 13, 2010)

_____

OPINION
_____

PER CURIAM.

Petitioners Mao Cheng Lin and Wen Qing Jiang, proceeding pro se, seek

review of a final order of removal.  For the reasons that follow, we will deny their petition

for review.

**I.**

Petitioners Mao Cheng Lin and Wen Qing Jiang, husband and wife, are natives and citizens of Fujian Province, China. Petitioners conceded their removability for entering the country without admission. In April 2000, an Immigration Judge ("IJ") denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") dismissed their appeal in August 2002. In November 2007, the BIA reopened proceedings under its sua sponte authority, see 8 C.F.R. § 1003.2(a), and reissued its previous decisions. In April 2008, the BIA granted petitioners' second motion to reissue its previous decisions.

In August 2009, petitioners filed a motion to reopen with the BIA based on changed country conditions in China, claiming that they feared persecution because of their violation of China's coercive family planning policy. Petitioners have two United States citizen children. The BIA denied the motion, finding that petitioners had not met their burden of proof of showing changed country conditions. They filed a timely petition for review, and a request that their removal be stayed pending its resolution. This Court denied the stay motion.

**II.**

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of a motion to reopen. We review the denial of a motion to reopen for abuse of discretion.

2

Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

In general, motions to reopen must be filed within ninety days from the date "the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). This time limitation does not apply if the movant seeks reopening "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). A movant "must establish prima facie eligibility for asylum." Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004).

**III**.

Petitioners claim that the BIA abused its discretion when it denied their motion to reopen and when it concluded that they failed to establish prima facie eligibility for asylum, based on a fear of future persecution, namely, forced sterilization. We agree that petitioners failed to demonstrate changed circumstances in China that materially affect their eligibility for asylum. See 8 C.F.R. § 1003.2(c)(3)(ii). Since living in the United States, petitioners have had two children. The BIA reasonably relied upon past decisions to reject petitioners' argument that returning to China with two foreign-born children would result in petitioners' persecution. See Liu v. Att'y Gen., 555 F.3d 145,

3

149-50 (3d Cir. 2009) (quoting the BIA's finding in Matter of J-W-S-, 24 I. & N. Dec. 185, 189-91 (BIA 2007) that "the Chinese government does not have a national policy of requiring forced sterilization of a parent who returns with a second child born outside of China"). Furthermore, the births of their children merely establish that petitioners' personal circumstances have changed, and are insufficient to support reopening. See Liu, 555 F.3d at 148.

The BIA also reasonably found that petitioners' background materials on China, including the State Department's country report and a 2003 affidavit by demographer John Aird, show merely China's ongoing effort to enforce its one-child policy. Cf. Zheng v. Att'y Gen., 549 F.3d 260, 267 n.4 (3d Cir. 2008) ("We have rejected Aird's position.") Accordingly, the BIA did not abuse its discretion in concluding that petitioners failed to show changed country conditions.

In sum, the BIA properly concluded that petitioners have not shown changed circumstances in China to satisfy the exception to the time limitation for filing a motion to reopen. 8 C.F.R. §§ 1003.2(c)(2), (3)(ii). Moreover, we agree that even if petitioners had demonstrated changed country conditions, they failed to demonstrate prima facie eligibility for relief. Accordingly, we will deny the petition for review.